# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| SCHAUMBURG BANK & TRUST COMPANY, N.A., | )<br>)<br>) |
| Appellant, | )<br>) |
| v. | ) Case No. 15 C 10243<br>) |
| SETTLERS' HOUSING SERVICE, INC., | )<br>) |
| Appellee. | ) |

## MEMORANDUM ORDER

On November 12, 2015 Schaumburg Bank & Trust Company, N.A. ("Schaumburg Bank") filed its "Motion for Leave To Appeal to the District Court from Interlocutory Order of Bankruptcy Court," seeking to invoke 28 U.S.C. § 158(a)(3) to appeal an interlocutory order by Bankruptcy Judge Jack Schmetterer that was memorialized in his 17-page memorandum opinion issued on October 29. But Schaumburg Bank's counsel failed to bring that motion on for presentment during the ensuing 10-day period, so that this Court learned of the existence of the case and its assignment to this Court's calendar only through its regular iPhone review of the reports of ECF activity.

Because those reports reflect only the names and case numbers of newly-filed cases, with no indication for example that a particular case is a bankruptcy appeal (or, as another example, that a case is one that has been removed from a state court to this District Court rather than having originally been filed here), this Court never takes immediate action to require counsel's compliance with this District Court's LR 5.2(f) requirement that a paper copy of a newly-filed complaint is to be delivered to the assigned judge within one business day after filing where the

assigned judge has opted for such paper delivery (a sort of "dealer's choice" rule adopted by the District Court judges, pursuant to which this Court has made such delivery the first matter dealt with on its website). Instead this Court waits for a week or so for the filing lawyer to comply with LR 5.2(f), and if that is not done it will typically issue a short memorandum order that requires such delivery to chambers and assesses the noncompliant counsel with a $100 fine because of the rule violation.

To be sure, where as here a motion is the initial document filed in a case, counsel cannot literally comply with the requirement of LR 5.3(b) that the motion be accompanied by a notice of presentment that specifies not only when the motion is to be presented but also identifies the judge before whom that will take place -- after all, by definition the judge who would inherit this case was unknown when the motion for leave to appeal was filed. But common sense would have caused counsel to notice the motion up for presentment promptly after learning the identity of this Court as the assigned judge -- it is certainly not part of a judge's job description to police the type of motion involved here.[1] In any event, this Court has had its secretary do the job that should have been performed by Schaumburg Bank's counsel by printing out the motion and its principal exhibit, Judge Schmetterer's Memorandum Opinion.

This Court has reviewed the matter and finds that two orders are appropriate:

1. In substance, the situation here parallels that in which counsel for a plaintiff in a newly-filed action has not complied with LR 5.2(f), and

---

[1] Note that LR 78.2 is not in play here, because it treats with a failure to serve notice of a date of presentment when the moving counsel has delivered the motion to the assigned judge. As stated in the text, that has not taken place here.

Schaumburg Bank's counsel are therefore ordered to pay a $100 fine to the Clerk of Court.

2. As this Court always does in cases involving appeals from the Bankruptcy Court, it sets a <u>very</u> early status hearing (in this instance 9:30 a.m. November 25, 2015) for purposes of discussing what additional materials are needed to enable this Court to consider and rule upon the appeal.

Those additional materials would certainly appear to include, at a minimum, the Third Amended Complaint in the adversary proceeding against Schaumburg Bank as well as copies of the parties' respective briefs submitted to Judge Schmetterer. In addition this Court anticipates that the discussion among the parties' counsel and this Court at the status hearing may identify any further materials that are called for by the case.

*[signature]*
_____
Milton I. Shadur
Senior United States District Judge

Date: November 20, 2015